UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEITIA PATTON, ) | |
|     Plaintiff, ) | |
| ) | No. 1:15-cv-21 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| HZ JDB, INC. and HZ CNAC, INC., ) | |
|     Defendants. ) | |
| _____) | |

**OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**

Plaintiff Leitia Patton asserts one or both Defendants, HZ JDB and HZ CNAC, improperly reported a debt to various credit agencies. She sued the two companies, alleging violations of the Fair Debt Collection Practices Act (FDCPA), the Michigan Collection Practices Act (MCPA), and the Fair Credit Reporting Act (FCRA). Defendants filed a motion to compel arbitration or, in the alternative, to dismiss under Rule 12(b)(6).[1] (ECF No. 17.) The arbitration clause contained in the agreement between Patton and HZ JDB is broad and explicitly covers the claims raised in the complaint. Therefore, the motion to compel arbitration will be granted.

I.

The Federal Arbitration Act (FAA) authorizes the party aggrieved by the failure or refusal to arbitrate to petition the court in a civil action for an order directing the parties to arbitration, as provided by their agreement. 9 U.S.C. § 4. The Sixth Circuit Court of Appeals has not clarified the proper

---

[1] Defendants' initial motion was dismissed, without prejudice, after Plaintiff filed an amended complaint (ECF No. 15). Defendants filed a renewed motion (ECF No. 17), and relied on the brief filed with the initial motion (ECF No. 7). Patton filed a four-page response (ECF No. 18), which incorporated her earlier response (ECF No. 9). Having reviewed the motion, response and relevant law, the motion will be resolved without oral argument. *See* W.D. Mich. LCivR 7.2(d).

procedural vehicle for bringing a motion to compel arbitration. *See Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 371 n.2 (6th Cir. 1999). Other circuits evaluate motions to compel arbitration using standards similar to those contained in Rule 56 of the Federal Rules of Civil Procedure. *See In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (calling motions to arbitrate "summary-judgement like in nature"); *Hancock v. American Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1261 (10th Cir. 2012) (describing a motion to compel arbitration as a motion for summary judgment); *Aliron Int'l v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008) (holding that the district court properly examined the motion to compel arbitration by applying the standards for a motion for summary judgment); *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (applying a standard similar to that for summary judgment to a motion to compel arbitration); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980) (describing the standard for evaluating a motion to compel arbitration and noting that the standard "is quickly recognized as the standard used by district courts in resolving summary judgment motions"); *see also Anderson v. Luxury Imports of Bowling Green*, No. 1:15-cv-40-GNS, 2015 WL 5680455, at *1 (W.D. Ky. Sept. 25, 2015) (applying the summary judgment standard to a motion to compel arbitration); *Sellers v. Macy's Retail Holdings, Inc.*, No. 2:12-cv-2496-SHL, 2014 WL 2826119, at *6 (W.D. Tenn. June 23, 2014) (same); *Lyman v. Greater Boston Radio, Inc.*, No. 09-14502, 2010 WL 2557831, at *3 (E.D. Mich. June 21, 2010) (same); *Raasch v. NCR Corp.*, 254 F.Supp.2d 847, 851 (S.D. Ohio 2003) (same).

## II.

Defendants have provided a copy of the contract between HZ JDB and Patton, which was executed in May 2008. (ECF No. 7 Contract PageID.59-63.) On the first page, HZ JDB assigned its

rights under the agreement to HZ CNAC. (*Id.* at 1 PageID.59.) The arbitration agreement is located on pages 4 and 5 of the Contract. (*Id.* at 4-5 PageID.62-63.) The arbitration agreement is worded broadly to cover most any dispute between Defendants and Patton that arises from the Contract.

> A. Mandatory Arbitration: Unless otherwise stated in this agreement, any "Dispute" between the Parties shall, at the election of the Buyer, Seller or Seller's Assignee ("the Parties"), be resolved by a neutral, binding arbitration, and not by a court of law. This procedure includes any Dispute over the interpretation, scope or validity of this Contract, the arbitration agreement or the arbitrability of any issue, with the sole exception of the Parties' waiver of any right to bring a class action or to participate in a class action as provided for under paragraph G shall be solely determined by the appropriate court, if necessary. The arbitration procedure applies to the Parties, including their respective employees or agents, as to all matters which arise out of or relate to this Contract or are in any way connected with the purchase and sale or financing of the Vehicle, or any resulting transaction or relationship.
>
> B. Dispute: The term "Dispute" means any action, dispute, claim, or controversy of any kind arising out, in connection with or in any way related to the Contract, the sale of the Vehicle, financing, contracts, origination, servicing, service agreements, collection, reporting, or any other aspect whatsoever of the past, present, or future relationship or conduct of the Parties. The term "Dispute," includes without limitation: claims under federal or state consumer protection laws; claim in tort or contract; claims under statutes or common law; claims at law or in equity; any other past, present or future claims, counterclaims, cross-claims, third party claims, interpleaders or otherwise.

(*Id.* at 4 PageID.62.) The arbitration agreement also contains a survivability provision.

> M. Survival of Arbitration Agreement: This arbitration agreement will survive and continue in full force and effect nothwithstanding cancellation, termination, amendment, payment in full, discharge in bankruptcy, or other expiration or conclusion of the Contract or any other contract or transaction between the Parties, unless otherwise agreed in writing. In addition, Buyer understands and acknowledges that the rights and responsibilities afforded to Seller under this arbitration agreement survive any assignment of the Contract by Seller and that Seller can enforce this arbitration agreement in the event a Dispute arises after assignment of the Contract.

(*Id.* at 5 PageID.63.) Patton's initials appear on each of the five pages of the Contract. Her signature appears on the last page of the Contract. (*Id.* at 5 PageID.63.)

In enacting the FAA, Congress established a federal policy favoring arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "It is well-established that any doubts regarding arbitrability should be resolved in favor of arbitration." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing *Moses H. Cone*, 460 U.S. at 24-25). When considering a motion to compel arbitration, the court must make four determinations: (1) whether the parties agreed to arbitrate, (2) the scope of the agreement, (3) if federal statutory claims are involved, whether Congress intended those claims to be arbitrable, and (4) whether to stay the proceedings if some, but not all, of the statutory claims are subject to arbitration. *Id.* at 451 (quoting *Stout v. J.D. Byrider* 228 F.3d 709, 714 (6th Cir. 2000)).

A.

Defendants have established that the parties agreed to arbitrate. Defendants have submitted the Contract, which contains the arbitration clause. By signing the Contract, Patton entered into an agreement with HZ JDB. HZ JDB assigned the Contract to HZ CNAC. Patton has not challenged the existence of the Contract or the agreement to arbitrate. Instead, Patton challenges the scope of the arbitration.

B.

For the second determination, the scope of the agreement, the language of an arbitration agreement must be viewed in the light of the strong federal policy favoring arbitration and the court must resolve "'*any doubts as to the parties' intentions in favor of arbitration*.'" *Huffman v. Hilltop Cos. LLC*, 747 F.3d 391, 395 (6th Cir. 2014) (quoting *Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007) (italics added in *Huffman*). In addition, when the arbitration agreement is broad, as it is here, "'only an express provision excluding a specific dispute, or the most forceful evidence of a purpose

4

to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators.'" *Glazer*, 394 F.3d at 450 (quoting *Highlands v. Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 577 (6th Cir. 2003)).

Defendants have established that the arbitration provisions of the Contract apply to Patton's claims. The parties agreed to arbitrate "any 'Dispute'" between them. The parties defined "Dispute" to include any claim "in any way related to the Contract[,]" including claims related to "reporting[.]" Court have found similarly worded agreements to be "broad." *E.g., Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 650 (6th Cir. 2008). The parties agreed that the term "Dispute" includes claims brought under federal and state consumer protection laws and claims brought under statutes. Without question, Patton's FDCPA, MCPA, and FCRA claims all fall within the scope of the arbitration agreement. All of Patton's claims are related to the Contract; the debt that was reported to the credit agencies arose from the Contract containing the arbitration clause.

Patton's interpretation of the arbitration agreement is not persuasive. Patton argues that the second sentence of paragraph A controls the proper interpretation of what issues the parties agreed to arbitrate. According to Patton, the parties agreed to arbitrate only the interpretation, scope or validity of the agreement. Patton contends the word "includes" is limiting, because the phrase "but not limited to" is omitted. But Patton's interpretation, which limits arbitration to disputes over the interpretation, scope and validity of the agreement, completely ignores, and is impossible to reconcile with, the first sentence of paragraph A and the entirety paragraph B.

Furthermore, the word "includes" is not a term of exhaustion. Black's Law Dictionary defines "include" to mean "to contain as part of something." *Black's Law Dictionary* (8th ed. 1999). The entry

goes on to state that drafters will use phrases such as "including without limitation" and "including but not limited to," which have the same meaning. *Id.* Understanding the word "includes" as indicating an illustrative or partial list is consistent with how the United States Supreme Court has interpreted the word. In *Federal Land Bank of St. Paul v. Bismark Lumber Co.*, 314 U.S. 95, 99-100 (1941), the Court rejected the conclusion by the lower court that the list following the word "including" established the limits of the exemption at issue.

> "In reaching an opposite conclusion the court below ignored the plain language, 'That every Federal land bank * * * shall be exempt from Federal, State, municipal, and local taxation', and seized upon the phrase, 'including the capital and reserve or surplus therein and from the income derived therefrom', as delimiting the scope of the exemption. The protection of section 26 cannot thus be frittered away. We recently had occasion under another circumstances to point out that the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle.

*Id.* (citation omitted); *see Puerto Rico Marine Shipping Auth. v. I.C.C.*, 645 F.2d 1102, 1112 n.26 (D.D. Cir. 1981) ("It is hornbook law that the use of the word 'including' indicates that the specified list of carriers that follows is illustrative, not exclusive.") (citation omitted). Two other guidelines caution against accepting Patton's interpretation of the scope of the arbitration agreement. First, to the extent that there is authority for interpreting the word "including" in a limiting manner, *e.g. Massachussetts v. E.P.A.*, 549 U.S. 497, 556-57 (2007) (Scalia, J. dissenting), the competing interpretations would create an ambiguity in the scope of the contract, which must be resolved in favor of arbitration. *See Stout*, 228 F.3d at 714 ("Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration."). Second, when the arbitration provision is broad, there needs to be an "express provision excluding a particular grievance from arbitration" for the party seeking to avoid arbitration to prevail. *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 650 (1986) (citation omitted).

No such express exclusion can be found in this arbitration agreement.

Patton's reliance on *Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496 (6th Cir. 2011) is misplaced. The arbitration clause in *Turi* expressly limited the scope of arbitrable issues. The clause stated, in relevant part, "[i]f a claim regarding fees charged by us exceeds $5,000, it shall be resolved by arbitration ...." *Id.* at 506. The court concluded that agreement was "narrow, covering only disputes 'regarding fees.'" *Id.* at 507. In contrast, the language of the arbitration clause in the agreement between Patton and Defendants is broadly worded to apply to "any Dispute between the parties[.]"

Patton also argues all of her claims are post-agreement statutory violations and, therefore, are not disputes arising from the Contract. But the Supreme Court has recognized "a presumption in favor of postexpiration arbitration of matters 'unless negated expressly or by clear implication,'" so long as the arbitration was related to issues arising out of the contract. *Litton Fin. Printing Div., Litton Bus. Sys., Inc. v. NLRB*, 501 U.S. 190, 204 (1991) (citation omitted); *see Huffman*, 747 F.3d at 394-95. "A postexpiration grievance can be said to arise under the contract only when it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contract right survives expiration of the remainder of the agreement." *Litton Fin.*, 501 U.S. at 205-06. Here, the Contract, and the arbitration agreement in particular, expressly provide that the arbitration agreement will survive the termination or conclusion of the Contract. And the Court already concluded that the parties agreed to arbitrate disputes about the reporting of matters related to the Contract.

C.

The third and fourth determinations are favorable to ordering arbitration. The parties do not discuss whether Congress intended claims brought under the FDCPA or the FCRA to be arbitrable. "[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). Courts that have considered the matter have allowed arbitration of FDCPA claims. *E.g., Hodson v. Javitch, Block & Rathobone, LLP*, 513 F.Supp.2d 827, 831 (N.D. Ohio 2008). Courts have also allowed arbitration of claims brought under the FCRA. *E.g., Carroll v. Onemain Fin. Inc.*, No. 14-cv-14514, 2015 WL 7717132, at *5 (E.D. Mich. Nov. 30, 2015); *Campbell v. Verizon Wireless, LLC*, No. 14-517-WS-N, 2015 WL 416484, at *8 (S.D. Ala. Jan. 29, 2015). Finally, when all the claims will be referred to arbitration, a court may dismiss the complaint, rather than staying the proceedings. *Yaroma v. Cashcall, Inc.*, –F.Supp.3d–, 2015 WL 5475258, at *8 (E.D. Ky. Sept. 16, 2015) (collecting cases).

III.

Defendants have established that the agreement with Patton contained a broad arbitration clause and that all the claims brought by Patton in this lawsuit fall within that arbitration clause. Because the Court must grant the motion to compel arbitration, the Court need not resolve any of the issues raised in the motion to dismiss. Those issues will need to be resolved by the arbitrator.

## **ORDER**

For the reasons provided in accompanying Opinion, Defendants' motion to compel arbitration (ECF No. 17) is **GRANTED.** Because all the claims in the complaint are subject to arbitration, the Court will not stay the litigation. Instead, a separate judgment will issue closing the case. **IT IS SO ORDERED.**

Date:   February 4, 2016               /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge